IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AMANDA TUCKER,<br><br>        Plaintiff,<br><br>    vs.<br><br>RAMONA ELLIOTT, Acting United States Trustee, Acting Director; TIFFANY L. CARROLL, Acting United States Trustee; CURTIS CHING, Assistant United States Trustee; DANE FIELD,<br><br>        Defendants. | CIV. NO. 22-00339 JMS-KJM<br><br>ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, ECF NO. 2; AND (2) DISMISSING PLAINTIFF'S "REQUEST FOR REVIEW," ECF NO. 1, WITHOUT LEAVE TO AMEND |

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, ECF NO. 2; AND (2) DISMISSING PLAINTIFF'S "REQUEST FOR REVIEW," ECF NO. 1, WITHOUT LEAVE TO AMEND**

On July 27, 2022, pro se Plaintiff Amanda Tucker ("Plaintiff") filed a "Request for Review of the Office of the United States Trustee's Refusal to Uphold a Final State Consumer Protection Order, and Bankruptcy Law" ("Request for Review") against Defendants Ramona Elliott, Tiffany L. Carroll, Curtis Ching, and Dane Field (collectively, "Defendants"). ECF No. 1.[1] On July 27, 2022,

---

[1] As discussed below, Plaintiff has filed several other federal actions. Unless otherwise noted, all ECF citations are to the docket in Civ. No. 22-00339 JMS-KJM.

Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). ECF No. 2. The court GRANTS Plaintiff's IFP Application, ECF No. 2. This court, however, lacks subject matter jurisdiction to consider Plaintiff's Request for Review under the Administrative Procedures Act. In addition, any conduct alleged is time-barred, and any quasi-judicial conduct in Defendants' course of employment is immune from liability. Accordingly, the court DISMISSES Plaintiff's Request for Review, ECF No. 1, without leave to amend.

## I. **IFP APPLICATION**

Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating that he is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

When reviewing a motion filed pursuant § 1915(a), "[t]he determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Although § 1915(a) does not require a litigant to demonstrate "absolute[] destitut[ion]," *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

The court has reviewed Plaintiff's IFP Application and determines that she has made the required showing under 28 U.S.C. § 1915(a) to proceed in forma pauperis (i.e., without prepayment of fees). The court, thus, GRANTS Plaintiff's IFP Application.

## II. **BACKGROUND**

Plaintiff has filed several cases in this District in which she attempts to assert claims or to appeal orders related to a bankruptcy proceeding before United States Bankruptcy Judge Robert J. Faris ("Judge Faris"). The court has dismissed these cases; to wit: *Tucker-Meuse v. Field, et al.*, Civ. No. 21-00437 JMS-RT (direct action to enforce an April 2009 cease-and-desist order issued by the FDIC and State of Illinois) ("*Tucker-Meuse I*"); *In re Amanda Dawn Tucker*, Civ. No. 21-00450 JMS-KJM (appealing a United States Bankruptcy Court Order Denying Tucker-Meuse's Motion to Reopen) ("Bankruptcy Appeal 1"); *In re*

3

*Amanda Dawn Tucker*, Civ. No. 21-00469 JMS-KJM (appealing a United States Bankruptcy Court Order Denying Tucker-Meuse's Motion to Recuse) ("Bankruptcy Appeal 2"); *Tucker-Meuse v. Field, et al.*, Civ. No. 21-00487 JMS-KJM (direct action for financial fraud) ("*Tucker-Meuse II*"); *In re Amanda Dawn Tucker*, Civ. No. 21-00490 JMS-KJM (appealing a United States Bankruptcy Court Order Denying Tucker-Meuse's Motion for Reconsideration) ("Bankruptcy Appeal 3"); and *In re Amanda Dawn Tucker*, Civ. No. 21-00491 JMS-KJM (appealing a United States Bankruptcy Court Order Denying Plaintiff's Motion to Correct Fraud) ("Bankruptcy Appeal 4").

Here, Plaintiff requests review under the Administrative Procedures Act, 5 U.S.C. § 701 et seq. ("APA"), regarding the purported refusal of Defendants, United States Trustees ("USTs") of the United States Trustee Program ("USTP"),[2] "to enforce and observe a final order of the State of Illinois and [Defendants'] refusal to uphold" the statutory duties of USTs under 28 U.S.C. § 586. ECF No. 1 at PageID ## 2–3. Plaintiff's Request for Review reprises a

---

[2] Plaintiff names the following Defendants: Ramona Elliott, Acting Director of the USTP, *see* https://www.justice.gov/ust/staff-profile/meet-director (last visited September 6, 2022); Tiffany Carroll, Assistant UST in California, *see* https://www.justice.gov/ust-regions-r15/region-15-southern-district-california (last visited September 6, 2022); Curtis Ching, Assistant UST in Hawaii, *see* https://www.justice.gov/ust-regions-r15/region-15-district-hawaii (last visited September 6, 2022); and Dane Field, chapter 7 panel trustee appointed pursuant to 28 U.S.C. § 586(a)(1). *See id.*; *see also* 11 U.S.C. § 701(a)(1) ("[T]he United States trustee shall appoint one disinterested person that is a member of the [chapter 7 panel of trustees] to serve as interim trustee in [a] case . . . ."); https://www.hib.uscourts.gov/case-trustees (last visited September 6, 2022).

laundry list of alleged wrongs committed by, among others who are not named as parties in this action, the "USTP-Hi."³  *Id.* at PageID # 6.  Plaintiff alleges that Defendant Field defrauded Plaintiff in his capacity as a USTP "private contractor" or "private trustee" by "present[ing] an entirely fraudulent financial scenario" and "refus[ing] to report bankruptcy crimes by James and Rhonda Fossbinder."  *See, e.g.*, *id.* at PageID ## 15, 24, 27.  Plaintiff also alleges that "[t]he office of the US Trustee in Hawaii had a copy of my debt being paid in full, and my properties being free and clear, and created an entirely fraudulent financial analysis . . . ."  *Id.* at PageID # 30.  Plaintiff alleges that Defendant Carroll and Defendant Ching "failed to audit" Defendant Field's purported "refusal to uphold bankruptcy law."  *Id.* at PageID ## 27, 31.

## III. STATUTORY SCREENING

The court must screen each civil action commenced under 28 U.S.C. § 1915(a) and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

---

³ The court assumes that "USTP-Hi" refers to the office of the UST in the District of Hawaii.  This court refers to "USTP-Hi" as "Hawaii UST."  In addition to Defendants, Plaintiff's Request for Review contains allegations against non-parties James Fossbinder, Rhonda Fossbinder, and Rebecca Filipovic, against whom Plaintiff attempted to assert claims in *Tucker-Meuse I*, as well as against Judge Faris, who Plaintiff named as a defendant in *Tucker-Meuse I* and *Tucker-Meuse II*.  *See, e.g.*, ECF No. 1 at PageID ## 3–5, 7–8.

banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an IFP complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

A frivolous case is one which lacks legal merit, *Anders v. California*, 386 U.S. 738, 744 (1967); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or lacks "an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Likewise, a complaint fails to state a cognizable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

Plaintiff is appearing pro se, so the court must liberally construe the Request for Review and resolve all doubts in Plaintiff's favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers");

*Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## IV. DISCUSSION

Plaintiff asserts that the Hawaii UST is "an administrative federal agency located in Hawaii" that has no "judicial authority" to "set aside a Federal Cease and Desist Order or activate a rescinded usurious contract to entrap a debt free estate into a fabricated bankruptcy." ECF No. 1 at PageID ## 2, 9. Plaintiff's Request for Review is frivolous and based on a meritless legal theory. First, this court lacks subject matter jurisdiction to review Plaintiff's claims under the APA. Second, nowhere in the Request for Review does Plaintiff identify any "final agency action" for APA review. Moreover, accepting the factual allegations in the Request for Review as true, Plaintiff alleges no action that falls within the six-year statute of limitations for APA review. Finally, even if Plaintiff could show that she is entitled to judicial review under the APA, the actions alleged by Plaintiff to be

unlawful were performed by Defendants in their quasi-judicial capacity, conferring Defendants immunity under the law.

A.      **The Court Lacks Subject Matter Jurisdiction Under the APA**

Generally, the United States, as a sovereign, is immune from suit unless it has waived its immunity.  *See, e.g.*, *Harley v. U.S. Citizenship & Immigr. Servs.*, 2015 WL 2248740, at *2 (D. Nev. May 12, 2015) (citing *Balser v. Dep't of Just., Off. of the U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003)).  Sovereign immunity is a jurisdictional bar if the United States has not consented to be sued on a particular claim.  *Balser*, 327 F.3d at 907.  In the APA, Congress granted a private right of action to enforce federal rights against federal agencies.  5 U.S.C. § 702.  The APA waives federal sovereign immunity in certain circumstances to allow equitable relief from agency action or inaction.  *Harley*, 2015 WL 2248740, at *2 (citing *Heckler v. Chaney*, 470 U.S. 821, 828–29 (1985)).

The APA's waiver of sovereign immunity is limited, however, and 5 U.S.C. § 702 does not apply to claims for "money damages" or claims "expressly or impliedly forbid[den]" by another statute granting consent to suit.  *See Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998) ("It is beyond question . . . that the APA does not provide an independent basis for subject matter jurisdiction in the district courts.").  "Moreover, only '[a]gency action made reviewable by statute and final agency action for which there is no

other adequate remedy in a court' are subject to judicial review."[4] *Id.* at 645 (quoting 5 U.S.C. § 704); *cf. Bowen v. Massachusetts*, 487 U.S. 879, 911 (1988) (holding in a state action for review of decision of Department of Health and Human Services that: (1) federal district court, rather than Claims Court, had jurisdiction to review Medicaid disallowance decision; and (2) district court had power to grant complete relief); *Garcia v. Vilsack*, 563 F.3d 519, 521 (D.C. Cir. 2009) (holding in an action for unlawful discrimination brought by farmers against the Department of Agriculture that farmers had an "adequate remedy" in court, and affirming dismissal of farmers' APA failure-to-investigate claims).

      Here, Plaintiff cannot seek judicial review of her claims against Defendants under the APA because she has an adequate remedy elsewhere: in bankruptcy court, and then on appeal to this court. In fact, Plaintiff has already exercised her right to appeal the bankruptcy court's decisions—in Bankruptcy Appeals 1, 2, 3, and 4. Consequently, Plaintiff's Request for Review under the APA lacks a legitimate basis and the Request for Review must be dismissed.

---

[4] It is not clear whether the actions of Defendants, who perform functions historically assigned to the bankruptcy courts, can be characterized as "agency actions." *See* 5 U.S.C. § 701(b)(1)(B) (providing that "agency" does not include the courts of the United States). In *Balser*, the Ninth Circuit recognized that USTs "assume the judicial functions historically vested in bankruptcy and district courts," and the Ninth Circuit extended quasi-judicial immunity to conduct by USTs in their course of employment. 327 F.3d at 910. The court, however, need not decide this issue because it dismisses Plaintiff's Request for Review on other grounds.

### B.   Plaintiff Fails to Establish Final Agency Action

Even if an APA action could be brought in this court, nowhere in the Request for Review does Plaintiff identify "final agency action" as required by 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). *See S. Cal. All. of Publicly Owned Treatment Works v. U.S. Env't Prot. Agency*, 8 F.4th 831, 836 (9th Cir. 2021) ("The APA authorizes district courts to review only 'final agency action.'" (quoting 5 U.S.C. § 704)). Two requirements must be satisfied for agency action to be deemed final, neither of which Plaintiff establishes in the Request for Review: "First, the action must mark the 'consummation' of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Id.* (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)).

Here, Plaintiff asserts that Defendants (1) refused to uphold the law "to support the fraudulent story of bankruptcy filing," (2) "failed to report that when they refused to uphold" the law "the State Court conducted [Defendants'] duty," "falsified my financials," and (3) Defendant Field "fraudulently altered by IRS profile by his seizure of my property and livelihood." ECF No. 1 at PageID

# 37. Plaintiff fails to allege when these actions occurred, much less allege facts for the court to infer which, if any, was "final agency action." To the extent Plaintiff alleges any relevant time frame, which the court must accept as true for present purposes, the Request for Review reflects that in December 2012, Defendants "claimed judicial authority to shut down my medical practice and Property business." *Id*. at PageID # 39. This action is precluded from APA review as it falls outside the applicable six-year statute of limitations. *See United States v. Est. of Hage*, 810 F.3d 712, 720 (9th Cir. 2016) ("The six-year statute of limitations found in 28 U.S.C. § 2401(a) applies to APA claims." (citing *Wind River Mining Corp. v. United States*, 946 F.2d 710, 713 (9th Cir. 1991))).

In this regard, Plaintiff also asserts that "[a]ll action by the USTP should be dismissed . . . without statute of limitation." ECF No. 1 at PageID # 21. Plaintiff, however, asserts no facts to suggest that the court should apply equitable tolling to review USTP actions—if its actions were reviewable. "Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1112 (9th Cir. 2006) (quoting *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)). A liberal reading of the Request for Review discloses no facts

demonstrating that any Defendant prevented Plaintiff from discovering that they failed to uphold bankruptcy law or caused Plaintiff to allow the APA filing deadline to pass. Plaintiff fails to allege any facts to support the inference that she lacked a reasonable opportunity to discover the Defendants' purported misconduct. The Request for Review, even when liberally construed, does not support tolling the statute of limitations.

Plaintiff having filed the Request for Review nearly ten years after the last dated "agency action"[5] and absent any given reason to toll the limitations period, Plaintiff's Request for Review is as untimely as it is improper. Consequently, even if the court were to grant leave to amend the Request for Review, such leave would be futile.

## C. Quasi-Judicial Immunity Precludes Plaintiff's Claims

Finally, even if Plaintiff could show that she is entitled to judicial review under the APA—which the court determines Plaintiff is not—the Ninth Circuit has extended quasi-judicial immunity for functions performed by USTs. In *Balser*, pro se debtors sued the UST, alleging that the UST acted negligently and

---

[5] Plaintiff offers a "chronology" of events leading up to 2012, which includes: "[o]rigination of 'bait' loan in 2004"; "[o]rigination of 'switch' loan in 2006"; earlier litigation that concluded with the April 21, 2009 cease-and-desist order issued by the FDIC and State of Illinois that Plaintiff raised in *Tucker-Meuse I*; and December 12, 2012, when the USTP allegedly denied "all previous acts and bankruptcy crimes and seizure of my home and two businesses . . . ." ECF No. 1 at PageID ## 13–14. Clearly, none of these events constitutes agency action that falls within the six-year statute of limitations.

fraudulently in appointing and supervising the examiner of the debtors' Chapter 11 case. 327 F.3d at 910. In affirming the district court's dismissal of the debtors' complaint, the Ninth Circuit recognized that USTs perform tasks that were historically performed by bankruptcy courts, and extended USTs quasi-judicial immunity: "In light of the fact that United States trustees assume the judicial functions historically vested in bankruptcy and district courts, the actions of the United States trustees logically must be cloaked in the same immunity." *Id.*; *see also In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) ("The Trustee is immune for actions that are functionally comparable to those of judges, i.e., those functions that involve discretionary judgment." (citing *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993))); *Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986) (holding that "a trustee in bankruptcy . . . is entitled to derived judicial immunity because he is performing an integral part of the judicial process").

Likewise, in Plaintiff's prior district court actions, this court applied sovereign immunity to Plaintiff's claims against, among others, Defendants Carroll, Ching, and Field in their official capacities, and quasi-judicial immunity to Plaintiff's claims against these USTs in their individual capacities. The court accordingly dismissed Plaintiff's claims in those prior actions. *See Tucker-Meuse*

13

*I*, ECF No. 9 at PageID ## 83–87;[6] *Tucker-Meuse II*, ECF No. 5 at PageID ## 43–47.

In sum, Plaintiff's remedy, if there is any, lies in the district court, not under the APA.  In addition, claims regarding the alleged conduct by Defendants is time-barred for purposes of review under the APA, and Defendants' conduct within their course of employment is immune from liability.  Leave to amend the Request for Review would, thus, be futile.  The complaint is dismissed without leave to amend.  *See, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "futility of amendment").  The dismissal is without prejudice.  *See, e.g.*, *Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) (reiterating that "dismissals for lack of Article III jurisdiction must be entered without prejudice because a court that lacks jurisdiction 'is powerless to reach the merits'" (quoting *Fleck & Assocs., Inc. v. Phoenix, City of, an Ariz. Mun. Corp.*, 471 F.3d 1100, 1106–07 (9th Cir. 2006))).

---

[6] In *Tucker-Meuse I*, this court granted Plaintiff leave to file a second amended complaint.  ECF No. 9 at PageID ## 92–93.  This court subsequently dismissed that pleading without further leave to amend because Plaintiff continuously failed to heed the court's admonition to comply with Federal Rule of Civil Procedure 8.  *See id.*; ECF No. 26 at PageID ## 409–13.

## V. <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Request for Review, ECF No. 1, is DISMISSED without leave to amend. The Clerk of Court shall close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 6, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Tucker v. Elliott, et al.*, Civil No. 22-00339 JMS-KJM, Order (1) Granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2; and (2) Dismissing Plaintiff's "Request For Review," ECF No. 1, Without Leave to Amend